## Cheng v. Cheng

*Allan C. Perry,* for plaintiff.
*Glenn D. McGogney,* for defendant.

WILLIAMS, *P.J.,* October 22, 1984—Before the court are exceptions by both parties to the master's

report. Under the rather unusual circumstances of this case, the master found that although plaintiff's request for post-divorce alimony is both well-founded and viable under Pennsylvania law, this court does not have jurisdiction to grant such relief. Defendant has excepted to the former portion of that finding, and plaintiff has excepted to the latter.

After careful review of the record herein, the arguments of counsel and applicable law, we find that we are not empowered to entertain plaintiff's petition for post-divorce alimony. Accordingly, the matter must be remanded to the State of South Carolina.

The procedural posture of this case is determinative under the recent decisions of our appellate courts, and therefore warrants brief synopsis. The parties were married on May 31, 1957, at Phoenixville, Pa. Moving from Pennsylvania to Rhode Island to Hawaii, they eventually returned to Pennsylvania in 1969. The parties separated on or about July 8, 1978 and defendant subsequently relocated to South Carolina, establishing residency therein in or about July of 1980.

Defendant filed a complaint in divorce with the Family Court of the 9th Judicial Circuit, Charleston County, South Carolina, on or about June 23, 1981. Defendant's complaint was apparently only in divorce and did not originally include any claims for economic relief. Defendant was unable to effectuate personal service upon plaintiff, and ultimately perfected service on plaintiff through publication in the Bethlehem Globe Times, a newspaper published in Northampton County. Plaintiff, in the interim, filed a complaint in divorce with this court on or about August 19, 1981, including in her complaint various claims for economic relief pursuant to the Pennsylvania Divorce Code of 1980. The Northampton

County docket reflects that plaintiff's complaint was reinstated on October 2, 1981.

On or about November 18, 1981, this court appointed Richard J. Shiroff, Esq., as master to hear the testimony and return the record and a transcript of the testimony to the court, together with a report and recommendations concerning plaintiff's claims for divorce, equitable distribution, counsel fees and costs, and alimony.

Defendant entered his appearance, through counsel, in plaintiff's action on or about December 29, 1981. Preliminary objections raising the defense of a prior pending action were filed by defendant on or about the same date. Plaintiff moved to strike said objections as having been untimely filed. Defendant's objections were stricken and denied by order of this court dated February 3, 1982. Defendant subsequently filed an answer to plaintiff's complaint, denying, inter alia, plaintiff's averments regarding the absence of any prior actions and alleging by way of further answer the existence of a divorce action between the parties in Charleston County, South Carolina.

On or about March 19, 1982, defendant (with counsel) and plaintiff (through counsel) appeared before the Family Court for the 9th Judicial District, Charleston County, South Carolina, on defendant's motion to sever the issue of divorce from other collateral property and support issues brought into the case by plaintiff in her answer and counterclaim. During the course of that hearing, counsel for both parties stipulated and agreed that plaintiff's objections to defendant's motion to sever would be withdrawn upon the condition that defendant would sign and record in Northampton County a stipulation "which would insure that court's jurisdiction over these other collateral matters". It was further

stipulated and agreed that plaintiff's counterclaim would be stayed and South Carolina jurisdiction over the counterclaim preserved pending resolution in Pennsylvania of the collateral issues, so that if the courts in Pennsylvania failed to resolve the collateral matters, plaintiff would still have South Carolina as a forum in which to resolve those issues at a later date. (The aforementioned stipulation was filed with Northampton County Court of Common Pleas on April 8, 1982.) A final decree of divorce was entered on April 20, 1982, by the Family Court in South Carolina. The divorce decree specifically noted the stipulation of the parties regarding Pennsylvania jurisdiction over various collateral issues:

"I have now been presented with a certified copy of the signed and filed stipulation above-referenced which has been properly completed by petitioner, so that all the stipulations agreed to have been met and that it is therefore appropriate that petitioner be granted a divorce on the grounds of one year's separation."

On or about April 13, 1983, nearly one year later, Master Shiroff of Northampton County held a hearing to determine the as yet unresolved "collateral issues", and found that although plaintiff's claim for post-divorce alimony is both well-founded and viable under Pennsylvania law, this court does not have jurisdiction to grant such relief. We must agree.

Our decision is mandated by the holding of our Superior Court in Sohmer v. Sohmer, 318 Pa. Super. 500, 465 A.2d 665 (1983). Although the case at bar is factually distinguishable from Sohmer, we do not find such distinctions to be material to the applicability of the Sohmer holding.

Sohmer involved a situation where the plaintiff-wife, a 30-year resident of Pennsylvania, filed a complaint in divorce in Montgomery County, Penn-

sylvania, in April of 1980. Thereafter, in July of 1980, defendant-husband filed a complaint in divorce in Fairfax County, Virginia, where he had established a separate residence. Notwithstanding the pendency of her Pennsylvania divorce action, plaintiff appeared through counsel in the Virginia action and in October of 1980 the Virginia court granted defendant a divorce a.v.m., leaving open, however, the question of alimony. The Virginia decree read, in pertinent part:

"This order shall not affect the power of this or any other court to award spousal support or adjudicate the property rights of the parties in this or any other jurisdiction."

In June of 1981, plaintiff in Sohmer petitioned the Montgomery County court for alimony, as a matter ancillary to her Pennsylvania divorce action. Defendant filed preliminary objections challenging subject matter jurisdiction. The court granted his objections and dismissed plaintiff's petition. The Pennsylvania Superior Court affirmed.

We are cognizant of the factual differences between Sohmer and the case at bar. Chronologically, plaintiff herein filed her complaint in divorce subsequent to the commencement of defendant's action in South Carolina. We are thus faced with the question of whether defendant's prior pending action vitiated Pennsylvania's jurisdiction over the subject matter of plaintiff's action. More importantly, however, we note that the foreign decree in Sohmer merely "left open" the question of alimony and/or equitable distribution, whereas the foreign decree in this case made specific reference to the stipulation of the parties concerning resolution of any collateral issues in Pennsylvania courts. On the other hand, the foreign decree in this case also directed

that plaintiff's counterclaim be stayed pending final resolution of the collateral issues in Pennsylvania, so as to preserve South Carolina as a forum for the parties in the event that Pennsylvania failed to resolve the collateral matters. We do not, however, find either reference by the South Carolina court to be dispositive since neither the parties to an action nor a foreign court can confer jurisdiction upon Pennsylvania which does not otherwise exist, and the Sohmer decision dictates that jurisdiction in Pennsylvania does not otherwise exist.

The Pennsylvania Superior Court concluded that a defendant who appears in a foreign divorce proceeding which results in a divorce a.v.m., but reserves the question of alimony, may not thereafter seek alimony in Pennsylvania. Sohmer, supra at 666. In so doing, the Superior Court held that the "doctrine of divisible divorce,"* as set forth in Stambaugh v. Stambaugh, 458 Pa. 147, 329 A.2d 483 (1974), and codified in §505 of the Divorce Code, is limited to cases of foreign ex parte divorces, and does not apply where the defendant has appeared in the foreign proceeding. 23 Pa. C.S. §505.

We are bound to follow the Superior Court's interpretation of the Pennsylvania Divorce Code. Under that interpretation we are not empowered to entertain plaintiff's petition for post-divorce alimony. The parties' agreement to the contrary cannot change that fact since their agreement cannot confer jurisdiction which does not otherwise exist.

Wherefore, we enter the following

---

* Referring to the "doctrine" whereby a foreign decree which failed to address economic issues is held to be "divisible," thereby leaving those issues open for determination in other jurisdictions. Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).

## ORDER OF COURT

And now, this October 22, 1984, plaintiff's exceptions to the master's report are denied and dismissed since this court is without jurisdiction to entertain the petition upon which said exceptions are based. Defendant's exceptions are dismissed as moot in light of the foregoing.

Plaintiff's petition is hereby dismissed without prejudice to her right to proceed thereon in South Carolina.