## Bishins v. Bishins

*Edward R. Eidelman,* for plaintiff.
*Steven A. Bergstein,* for defendant.

YOUNG, *J.,* January 15, 1985 — The action presently before this court was commenced in September 1983, by Irwin Bishins (hereinafter referred to as husband) who was the spouse of Ruth Bishins (hereinafter referred to as the wife). The complaint refers us to a February 1982 Lehigh County divorce decree, and seeks partition of certain items of jointly owned personal property. After a hearing and oral

arguments, we do not believe that partition is appropriate.

Husband and wife were married on June 19, 1949, in New York City. The couple resided there together for 29 years. In 1975, the husband purchased a home in Wescosville, Lehigh County, Pa. The couple used the Lehigh County address for the purposes of voting, automobile registration, various credit card accounts, insurance and income taxes. This home was never used as their residence.

In December 1978, the Bishins moved from New York City to Florida. On or about November 1, 1980, the husband moved out of the couple's Florida home. He remained in Miami, Florida after leaving the marital home, but eventually moved to Lehigh County, Pa. sometime in March 1981.

Thereafter the husband and wife each sought divorces, but in separate actions. The wife pursued her divorce in Dade County, Florida,[1] while the husband carried forward his divorce in Lehigh County, Pa. As a result of these two actions, both parties were granted independent divorces. First, the husband obtained his decree on February 19, 1982 by the Honorable Maxwell E. Davison,[2] in an action that did not address any economic issues concerning the marriage. The wife was thereafter granted a Florida divorce on March 28, 1984, by the Honorable Mario P. Goderich.[3] This later decree did

---

1. As one result of that trial, the Florida Circuit Court for Dade County ·also issued a final judgment of dissolution of marriage. And further, that decree dealt with all of the economic issues concerning the marriage and to the court's satisfaction equitably divided all of the marital property, including those securities which are the subject of this Pennsylvania Partition Action.

·2. Lehigh County, Pennsylvania Docket no. 81-C-1475.

3. Dade County, Florida Docket no. 81-4622 FC-20.

purport to equitably distribute the parties' marital property. The husband participated fully in his wife's Florida proceedings, while the wife literally took no part in her husband's Pennsylvania no-fault divorce other than accepting service of the required papers by registered mail. In view of the above, it is clear at least that the parties were most certainly divorced. While we are aware that some couples find real value in becoming remarried to each other to reaffirm their vows, we envision little merit to multiple divorces, although we find no legal prohibition therefor.

The controversy in this case concerns certain items of personal property, in the form of securities, which are held by trustee Edward J. Zamborsky, Esq., in Allentown, Lehigh County, Pa., having been brought to this jurisdiction by the husband from Florida, and placed in trust for the purpose of partition pursuant to the November 21, 1983, order of our colleague, The Honorable David E. Mellenberg. Said order was properly issued upon an unanswered petition, without hearing, and upon the posting of adequate security. The issues herein decided were not then before the court.

These securities were awarded to the wife as a part of the Florida divorce decree. The husband opposes this award, claiming that the securities should be partitioned between the parties under Pennsylvania law. He claims that his wife's failure to defend against his divorce action and to raise the issue of equitable distribution under our Divorce Code of 1980 terminated her rights to equitable distribution in Pennsylvania, and in the absence of any such equitable rights, he argues, all marital property automatically converts to a tenancy in common

which is the proper subject of a partition action.[4]

The husband's divorce was granted first (although the wife's divorce was begun first, but quashed and begun again after the husband's complaint was filed). His position is that once he had obtained his Pennsylvania divorce, the marital property converted to tenants in common and could not be the subject of a subsequent Florida decree.

A similar situation to the one at bar was addressed in Vanderbilt v. Vanderbilt 354 U.S. 416, 1 L.Ed.2d 1456 (1957), where the husband received a divorce in Nevada, in which the wife did not participate or attend. This divorce purported to automatically terminate any and all of the wife's economic rights. Almost one year later, the wife sought a divorce and economic rights (alimony) in New York. The New York court found the Nevada divorce valid, but still ordered the husband to pay support to the wife. As in this case, Mr. Vanderbilt chose to attend and participate in the second set of proceedings, defending on the basis of his Nevada decree.

"Since the wife was not subject to its jurisdiction, the Nevada divorce court had no power to extinguish any right which she had under the law of New York to financial support from her husband. It has long been the Constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here the Nevada divorce court was as powerless to cut off the wife's support right as it would

---

4. 23 Pa.C.S. §401 (j) provides: Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b).

have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition." Vanderbilt, supra at 418, 419.

The Supreme Court of the United States has held that such a divorce is "divisible." In such a case, courts shall give effect to the first decree, insofar as it affects the marital status, yet make such a decree ineffective as it concerns economic issues. The second decree, however, will be given effect as it concerns those economic issues which it addresses. Thus the concept of a "divisible divorce" accommodates the interests of both sister states by restricting each to the matters of her dominant concern. Estin v. Estin 334 U.S. 341 92 L.Ed.2d 1561 (1947).

The United States Constitution, Article IV, §I provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effects thereof."

The mandates of the U.S. Constitution are of paramount interest to every court. Further, the language of Article IV, §I leaves no room for doubt. We are obligated to give full faith and credit to the Honorable Mario P. Goderich's final judgment, as it was in his court that the wife and husband both personally appeared to do battle over their economic issues. Sohmer v. Sohmer 318 Pa. Super. 500, 465 A.2d 665 (1983).

It is well-settled law in Pennsylvania that such judgments must be given full faith and credit. The only proper basis for denying full faith and credit to an out-of-state divorce decree is a lack of jurisdiction. The jurisdiction of a state to grant a divorce decree is dependent only upon the domicile of one spouse. Stambaugh v. Stambaugh 458 Pa. 147, 329 A.3d 483 (1974). While we have some doubt as to the bona fides of the husband's domicile in Pennsylvania, we note that this issue was not raised by the wife in the context of the Pennsylvania divorce proceedings. There is no question as to the jurisdiction of the Florida court since both parties participated there fully.

Furthermore, this court as well as the legislature of our Commonwealth prefers to apply theories of equitable-distribution to marital assets. The equitable-distribution process takes into account many important factors relating to the acquisition of marital property and the needs and conduct of the parties, rather than applying the more simple but less fair system utilized in an action in partition. One of the legislature's intentions in enacting the Divorce Code of 1980 was to:

"Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights." 23 Pa.C.S. §102(6).

The Florida decree purports to effectuate economic justice between the Bishins. We are thus satisfying our own legislature's directive by according full faith and credit to the Florida decree. Though we do not sit in review of a sister state's judicial proceedings, we recognize and appreciate that the

Florida court thoroughly examined and addressed all facets surrounding the dissolution of the Bishins' marriage and division of assets.[5]

## ORDER

And now, this January 15, 1985, after hearing and argument by counsel for both parties, upon review of the entire record in the above-captioned matter, and for the reasons in the attached opinion, it is ordered that Edward J. Zamborsky, Esq., be, and is directed to deliver 500 shares of common stock, Long Island Lighting Company, Certificate no. NU 3589; 500 shares of common stock, Long Island Lighting Company, Certificate no. NCU 99028; 25 units series 8, tax-exempt securities trust, Certificate no. TE8-04108; and 15 units series 11, tax-exempt securities trust, Certificate no. TE11-02588 to Steven A. Bergstein, Esq., counsel for Ruth Bishins, the legal owner of said items of personal property, in accordance with the Dade County Circuit Court of Florida's judgment and order, no. 81-4622 FC-20.

It is further ordered that prior to said delivery, the sum of $350 plus any out-of-pocket advertising or other costs advanced by the trustee in partition be paid to Edward J. Zamborsky, Esq., for his services rendered. Said fee and costs are to be borne equally by plaintiff and defendant.

Upon compliance with the above, the security entered pursuant to the order of November 21, 1983, shall be released, and the order of this court of April 11, 1984, shall be, and is, hereby terminated.

---

5. Counsel has provided us with five volumes covering 866 pages of notes of testimony from the Florida proceedings.