## Jarrin v. Jarrin

*Thomas J. Carlyon,* for plaintiff.
*Pasco L. Schiavo,* for defendant.

PODCASY, *J.,* February 21, 1985—We have before us defendant's motion for summary judgment.

Suit was commenced on February 29, 1984, by the filing of a complaint in divorce in which plaintiff seeks, in addition to the divorce itself, equitable distribution of marital property, custody of and support for minor children, permanent alimony, alimony pendente lite, counsel fees and costs.

Preliminary objections were filed and subsequently withdrawn, and on October 22, 1984, defendant filed an answer, alleging that the parties had been divorced on July 6, 1984, in proceedings instituted by defendant in Dade County, Florida, on January 27, 1984. A copy of the Florida divorce decree is attached as an exhibit to defendant's answer and to an accompanying affidavit executed by defendant. Defendant has now filed the motion for summary judgment which is before us for determination. In his motion he asserts that, as a result of the Florida divorce, the only issues for determination in Pennsylvania are those of custody and visitation of the parties' minor children, and "possibly" the matter of equitable distribution of marital property.

It is admitted by plaintiff that the decree of the Florida court must be accorded full faith and credit insofar as the divorce itself is concerned. The question, therefore, is what collateral matters, if any, remain to be properly determined in Pennsylvania.

Our United States Supreme Court, in Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561

(1948), has held that a foreign divorce decree, although entitled to full faith and credit insofar as the divorce itself is concerned, is not necessarily dispositive of the "economic aspects of the divorce," and that, where a foreign decree has failed to address the economic aspects of the divorce, the divorce is "divisible," leaving such questions open for determination in other jurisdictions. This "divisible divorce" concept is recognized in Pennsylvania, Stambaugh v. Stambaugh, 458 Pa. 147, 329 A.2d 483 (1974). The question before us is whether the 1980 Divorce Code allows this court to dispose of the collateral issues related to the divorce.

Section 401(b) of the Divorce Code allows us to include in "any decree granting a divorce" an order affecting equitable distribution of marital property, child custody and visitation, alimony, child support, and "other related matters." This section does not help plaintiff's case, however, for this court is now powerless to enter a "decree granting a divorce." The section in question has been construed by our Superior Court as applying only to cases in which the divorce itself has been granted in Pennsylvania. Sohmer v. Sohmer, 318 Pa. Super. 500, 465 A.2d 665 (1983).

Section 301 of the Divorce Code, however, grants to us original jurisdiction in cases of divorce and provides that, in exercising such jurisdiction, we must determine "in conjunction with *any* decree granting a divorce" (emphasis supplied) the matter of property rights, alimony, alimony pendente lite, counsel fees, costs, and the future care, custody, support, and visitation rights as to children. There is no requirement, as there is in section 401(b), that orders relating to such matters must be included in a "decree granting a divorce," and such orders may therefore be entered in cases where a divorce has al-

ready been granted, whether in Pennsylvania or elsewhere.

Our Superior Court, in the Sohmer case, has held that section 505 of the Divorce Code restricts this power, insofar as awards of "alimony" are concerned, to cases in which the foreign divorce was granted ex parte, and we must therefore abide by this restriction.

The record before us fails to contain any express averment by either party in reference to whether or not the Florida divorce was granted ex parte. One might draw the inference that the proceedings were ex parte from plaintiff's averment in paragraph five of her complaint that she had "determined" that defendant had instituted prior proceedings in Florida. On the other hand, the Florida decree expressly finds that the court had "jurisdiction of the parties," as well as jurisdiction of the subject matter. This would indicate either that plaintiff was served with process in Florida, or that she accepted service of the Florida complaint, or that she or someone on her behalf entered a general appearance in the Florida action. The record is confusing on this point, and certainly will not support entry of summary judgment on the issue of this court's jurisdiction in the matter of alimony.

Section 505 of the Divorce Code, which restricts the power of Pennsylvania courts to award alimony following a foreign divorce to instances where the foreign divorce is ex parte, clearly does not purport to govern an award of alimony pendente lite, for that phrase is not used in section 505. Only the word "alimony" appears, and "alimony" is defined in section 104 as "an order for support granted . . . to a spouse or former spouse in conjunction with a decree granting a divorce . . . ," whereas "alimony pendente lite" is separately defined in section 104 as

"an order for temporary support granted to a spouse during the pendency of a divorce . . . proceeding."

The case now pending before us is a "divorce proceeding," in our opinion, despite the fact that the divorce itself, as distinguished from the collateral economic issues attendant upon the divorce, is a matter which already has been resolved. In that respect, the present situation is similar to that in which a divorce proceeding is commenced during which the parties later consent to a section 201(c) divorce, with the case being bifurcated so as to allow for subsequent determination of collateral issues. In such a case, there is no doubt that we have power to award alimony pendente lite for as long as the proceedings are pending, and there is no doubt in our mind that in this particular case we have power to award alimony pendente lite for as long as these proceedings are pending, irrespective of whether or not the Florida divorce was ex parte.

Apart from confirming a stipulation relating to child support, which is a continuing matter clearly within our jurisdiction, the Florida court did not attempt to deal with any of the economic aspects of the divorce. It is therefore appropriate that we should do so, to the extent that we are empowered by statute to address such matters.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendant's motion for summary judgment is granted insofar as the divorce itself is concerned, inasmuch as the Florida divorce decree is entitled to full faith and credit;

(2) Defendant's motion for summary judgment is denied as to the issue of "alimony," inasmuch as

the record is unclear as to whether the Florida divorce was or was not ex parte;

(3) Defendant's motion for summary judgment is denied insofar as it relates to the matters of child custody, child support, child visitation, alimony pendente lite, counsel fees, costs, and equitable distribution of marital property, inasmuch as section 301 of the Divorce Code empowers this court to dispose of such matters irrespective of whether the Florida divorce was or was not ex parte;

(4) All matters set forth in the complaint and not specifically denied in the answer are to be deemed at issue hereafter; and

(5) The prothonotary of Luzerne County is hereby directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.