**Goswick v. Goswick**

C.P. of Fayette County, no. 1332 DR 1994.

*Seline Shultz,* for plaintiff.
*E.D. Newcomer,* for defendant.

SOLOMON, *J.,* March 29, 1996—This matter is before the court on plaintiff's petition for a de novo hearing regarding alimony pendente lite.

## PROCEDURAL HISTORY

On December 28, 1994, plaintiff filed for spousal support in Fayette County, Pennsylvania, and thereafter,

a support order was entered. Exceptions were taken and a de novo hearing was scheduled before this court. At the time set for the hearing, the defendant raised preliminary objections to the plaintiff's claim based on lack of in personam jurisdiction and venue. Defendant's preliminary objections were denied and the de novo hearing was rescheduled.

Prior to the rescheduled support hearing, a "decree of dissolution of marriage" was entered on August 15, 1995, by the Allen County Circuit Court of Indiana. At the time for hearing, the plaintiff informed the court of the divorce decree, and asserted a claim for APL as a substitute for spousal support pursuant to Pa.R.C.P. 1920.31(d). The matter was remanded to the Domestic Relations Hearing Officer for disposition of the support arrears and the newly asserted APL claim.

Subsequent to the Domestic Relations Conference, a support order was entered on November 2, 1995, establishing arrears. However, the order terminated support payments as of the date of the parties' divorce decree and made no provision for APL, simply stating that it was being entered in light of the parties being divorced. At the plaintiff's request, a de novo hearing was held, at which time the court heard argument from the parties, and directed each to submit written briefs.

## DISCUSSION

The issue presently before the court is whether the parties have pending economic claims in this Commonwealth which survive the entry of the decree in divorce, entered in the State of Indiana, so as to convert an order of spousal support into an alimony pendente lite order pursuant to Pa.R.C.P. 1920.31(d).

Pennsylvania Rule of Civil Procedure 1920.31(d) states that "[u]pon entry of a decree in divorce any

existing order for support shall be deemed an order for alimony pendente lite, if any economic claims remain pending." As noted *supra,* the plaintiff procured a support order prior to the entry of the divorce decree in Indiana. That decree addressed the status of the parties, but did not address any economic claims.

The plaintiff maintains that she properly raised the related economic claims, so as to preserve them for adjudication after the divorce decree, by filing a "petition raising claims" in the Fayette County Prothonotary's Office at general docket no. 1055 of 1995. The defendant seeks to defeat the plaintiff's petition for APL on the basis that the "petition raising claims" failed to properly preserve her economic claims. However, after careful review of the pertinent case law, we do not believe the issue of whether APL is available rests upon plaintiff's "petition raising claims."

In *Cheng v. Cheng,* 347 Pa. Super. 515, 500 A.2d 1175 (1985), the Superior Court held that the wife was entitled to post-divorce relief, even though the wife had appeared in a South Carolina divorce action. The South Carolina court conditioned its issuance of the decree on an agreement between the parties to resolve their economic and property disputes in Pennsylvania. *Id.* at 520, 500 A.2d at 1178. The court stated that the decree was therefore, "obviously not a final determination of the economic and property issues; it spoke instead only on the question of the divorce itself. Full faith and credit requires us to recognize and enforce the South Carolina decree insofar as it grants the parties a divorce, which indeed is all that [the] decree purports to do." *Id.* at 524, 500 A.2d at 1180.

The *Cheng* court additionally discussed the issue with reference to the now repealed 23 P.S. §505, which provided for alimony subsequent to a foreign divorce decree

where such decree was obtained ex parte. While section 505 is no longer applicable, the *Cheng* court's reasoning is still analogous. The court reasoned that although the wife appeared in the foreign proceeding, she had no real opportunity to have her claims fully and finally litigated there, because the South Carolina court would not, and could not, decide the economic issues which she had raised. *Id.* at 526, 500 A.2d at 1181.

In the instant case, both parties appeared in the Indiana divorce proceeding. However, just as in *Cheng,* the plaintiff had no genuine opportunity to have her economic claims decided, since the Indiana court had no jurisdiction over the marital property which was situated in Pennsylvania. The Indiana court recognized this fact and granted only a decree in divorce.

In *Coleman v. Coleman,* 361 Pa. Super. 446, 522 A.2d 1115 (1987), it was held that the trial court did in fact have subject matter jurisdiction over a wife's post-divorce claims for equitable distribution and counsel fees. The decree in divorce was issued in Nevada and addressed some, but not all, of the parties' property issues. The decree was entered without prejudice to the wife's rights to pursue any relief in Pennsylvania. The court held that:

"No section of the code limits a court's authority to address the equitable distribution and counsel fee claims of a litigant in a foreign divorce proceeding, regardless of whether or not that litigant appeared in the foreign forum. . . . The fact that the Nevada court had subject matter jurisdiction and exercised it to a limited degree did not extinguish the statutory authority of a Pennsylvania court to dispose of the matters at issue." *Id.* at 453, 522 A.2d at 1119.

Recognizing that the policy of the Commonwealth is to "[e]ffectuate economic justice between two parties

who are divorced. . ." and to insure a fair and just determination of their property rights, 23 Pa.C.S. §3102(a)(6), the issue becomes what effect is to be given to the Indiana decree.

The defendant appears to be relying on 23 Pa.C.S. §3503 which provides that "[W]henever a decree or judgment is granted, which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relations, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree." However, it has been held that 23 P.S. §401(j), the predecessor of section 3503, applied only to domestic decrees. Our Superior Court reasoned that "[s]ince it would clearly be beyond the practical ability of a Pennsylvania court to amend a foreign decree, so as to 'include' an order determining alimony therein, we must construe this section to apply only to domestic decrees." *Sohmer v. Sohmer,* 318 Pa. Super. 500, 505, 465 A.2d 665, 667 (1983).

The reasoning of *Sohmer* holds true in the instant case. It is beyond the practical ability of this court to amend the Indiana decree to include an order determining the property rights of the parties. Without such a determination, the purposes of the Divorce Code would be frustrated since it would deny the wife the economic justice which she seeks, and to which she is entitled.

The Divorce Code provides that "[a]fter the dissolution or annulment of marriage in a foreign forum where a matter under subsection (a) has not been decided, a court of this Commonwealth shall have jurisdiction to determine a matter under subsection (a) to the fullest extent allowed under the Constitution of the United States." 23 Pa.C.S. §3104(d). Subsection

(a) lists items over which the court may assume jurisdiction, these items include:

"(1) Disposition of property rights,

"(2) Custody rights,

"(3) Support obligations,

"(4) Any property settlement involving any of the items set forth in paragraphs (1), (2) and (3) as submitted by the parties, and

"(5) Any other matters pertaining to such marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action." 23 Pa.C.S. §3104(a)(1-5).

Thus, it is clear that this court has jurisdiction to hear and decide the petition of the plaintiff. We would also note that the Divorce Code provides the courts of this Commonwealth with broad equity powers in order to protect the interests of the parties, or to effectuate the purposes of the Divorce Code. 23 Pa.C.S. §3323(f).

Having found that the plaintiff may seek a determination of the parties' economic claims not addressed by the Indiana divorce decree, we may now address plaintiff's claim for APL.

Prior to the decree in divorce, a support order was entered in this matter establishing support for the plaintiff in the amount of $320 a month. Pennsylvania Rule of Civil Procedure 1920.31(d) is clear in its mandate that after a divorce has been entered, an existing support order automatically converts into APL if any economic claims remain pending. Therefore, by virtue of our finding that plaintiff may proceed with her economic claims, we must conclude that plaintiff was entitled to APL pursuant to Rule 1920.31(d), and that her support automatically converted into APL.

464

Wherefore, we will enter the following order.

ORDER

And now, March 29, 1996, it is hereby ordered and directed that the petition of the plaintiff for alimony pendente lite is granted. It is further ordered and directed that such alimony pendente lite shall commence and be computed retroactively from November 2, 1995, in the amount of $320 per month.