485 A.2d 494

A. Harlene MAYHUE

v.

Fred E. MAYHUE, Appellant.

A. Harlene MAYHUE

v.

Fred E. MAYHUE.

Appeal of AMAYCO ENVIRONMENTAL SERVICES INC.,
Intervenor in this case.

A. Harlene MAYHUE

v.

Fred E. MAYHUE, Appellant.

A. Harlene MAYHUE

v.

Fred E. MAYHUE.

Appeal of AMAYCO ENVIRONMENTAL SERVICES INC.

Superior Court of Pennsylvania.

Argued June 19, 1984.

Filed Dec. 7, 1984.

Joseph M. Wymard, Pittsburgh, for appellant (at Nos. 1373 & 207) and appellee (at Nos. 1374 & 353).

Stanley P. DeGory, Pittsburgh, for appellant (at Nos. 1374 & 353) and for participating party (at No. 1373 & 207).

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

TAMILIA, Judge:

The sole question presented by this appeal is whether the lower court abused its equitable powers in appointing a trustee to manage Amayco Environmental Services, Inc. in order to prevent the fraudulent misappropriation of the marital property of A. Harlene Mayhue by Fred E. Mayhue? This question arises as a result of the divorce action filed by Mrs. Mayhue on August 5, 1981, whereby she sought an injunction and appointment of a trustee in receivership in order to preserve such property. The lower court held that it was necessary to appoint a trustee in receivership to preserve the status quo for marital property since

the record clearly disclosed that Mr. Mayhue had been appropriating money from a business in which both he and his wife had been involved. We affirm.

The evidence establishes that prior to the separation of the parties, they operated a residential sewer cleaning business under the name of E.L. Mayhue and Son. At or about the time the parties separated, the appellant, Fred E. Mayhue, withdrew in excess of $60,000 from the business accounts of E.L. Mayhue and Son and deposited said sum in an account in his own name. Additionally, appellant took checks and other business records from E.L. Mayhue and Son. This action prompted appellee to file the original petition for an injunction under the Divorce Code on August 5, 1981.

Before the parties separated, the appellant also operated a commercial and industrial sewer cleaning business under the name of Amayco Environmental Services, Inc. Appellant contends that this business was owned in partnership by himself and a third party, Howard Stuber. However, the lower court concluded that this partnership was merely a pretext for the following reasons: (1) the fictitious name of the business was registered solely in Mr. Mayhue's name; (2) Mr. Stuber was not empowered to sign checks for the alleged partnership; (3) no partnership tax return was filed as Mr. Mayhue elected to be taxed on wages from Amayco Environmental Services, Inc.; (4) Amayco operated out of the same building as E.L. Mayhue and Son, which was owned by Mr. and Mrs. Mayhue as tenants by the entirety; (5) Amayco leased vehicles and other equipment of E.L. Mayhue and Son; and (6) the employees of Amayco were covered by the same workman's compensation and unemployment policies as E.L. Mayhue and Son. Lease payments from Amayco to E.L. Mayhue and Son ceased following the filing of the divorce action and from then on were paid directly to Mr. Mayhue. Subsequently, Mr. Mayhue was held in contempt for failing to comply with several orders of the court directing him to turn over the titles to the vehicles leased by Amayco. Shortly following the peti-

tion for divorce, Amayco was incorporated by Mr. Mayhue and Mr. Stuber, holding 60 per cent and 40 per cent interests respectively.

In October of 1981, the lower court entered the original order which appointed a trustee over the business. Because Mr. Mayhue has repeatedly dishonored this order, he has been held in contempt of court several times.

On December 6, 1982, the lower court entered an order extending the powers of the trustee to Amayco and included the power to settle the parties' delinquent tax liability resulting from Mr. Mayhue's failure to file federal income tax returns for the years 1975 through 1979. Upon consideration of the petition of David L. Gropp, Trustee, the lower court entered an order on January 14, 1983, issuing a Rule upon Fred E. Mayhue to show cause why he should not be held in contempt for his failure to comply in a timely fashion to all matters required of him pursuant to previous court orders. Subsequently, on February 14, 1983, an order was entered by the lower court approving David L. Gropp's trustee fees in the amount of $3,075.00, payment to be made from the current funds of Amayco. The instant appeals are from the above orders.

The order of the lower court appointing a trustee over Amayco was made pursuant to sections 401(c) and 403(a) of the Pennsylvania Divorce Code, which grants courts equitable powers in the supervision of property in a divorce action and property settlement. The lower court concluded that such action was necessary to prevent Mr. Mayhue from continuing a course of conduct calculated to defeat his wife's property rights in the business.

Section 403(a) of the Divorce Code provides:

**§ 403. Injunction against disposition of property pending suit and decree rendering fraudulent transfers null and void**

a. Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony

pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The Court may also issue a writ of ne exeat to preclude such removal.

23 P.S. § 403(a).

Section 401(c) of the Divorce Code further provides:
c. In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 P.S. § 401(c).

We conclude that section 401(c) "gives the courts below power to issue injunctions to protect the interests of the parties or to effectuate the purposes of the Divorce Code, one of which was to give divorced persons economic justice. 23 P.S. § 102(a)(6)." *Lazovitz v. Lazovitz*, 307 Pa.Super. 341, 346, 453 A.2d 615, 620 (1982). In the instant case, the lower court's Order was meant to preserve the status quo until the equitable distribution of the marital property was completed.[1] The Order at issue was justified under section 102(a)(6) of the Divorce Code, as it was in the interests of economic justice, and was authorized by section 401(c). We acknowledge that the appointment of a trustee in receivership is a harsh measure and that such an equitable power should be exercised as a remedy of last

1. An interest in a business or a closely-held corporation that is acquired during marriage presents little controversy in being given the status of marital property by the courts of other states. *See, e.g., Re Marriage of White*, 98 Ill.App.3d 380, 53 Ill.Dec. 786, 424 N.E.2d 421 (1981); *Scherzer v. Scherzer*, 136 N.J.Super. 397, 346 A.2d 434 (1975); *Poniatowski v. Poniatowski*, 275 S.C. 11, 266 S.E.2d 787 (1980). *See also* 24 Am.Jur.2d, *Divorce and Separation* § 900.

resort. *See, e.g., Mintzer v. Arthur L. Wright & Co., Inc.,* 263 F.2d 823 (3rd Cir.1959); *Hankin v. Hankin,* 279 Pa.Super. 179, 420 A.2d 1090 (1980). Here, however, the receiver has not been appointed to protect the rights of an ordinary creditor but, rather, has been appointed to protect the interests of a spouse in marital property. We cannot conceive of a clearer factual situation justifying injunctive relief and the appointment of a trustee in receivership. The appellant has appropriated marital property and has been held in contempt several times for refusing to comply with court orders. His conduct has demonstrated that his clear purpose is to dispose of or hide such property in which his wife might have a marital interest. Mrs. Mayhue's need for injunctive relief was clear, immediate and necessary in order to prevent greater injury. *See Independent State Store Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 432 A.2d 1375 (1981); *Gillette Co. v. Master,* 408 Pa. 202, 182 A.2d 734 (1962).

In *Holub v. Holub,* 129 P.L.J. 366 (1981) *aff'd. mem.,* 313 Pa.Super. 595, 460 A.2d 846 (1983), the lower court issued an injunction pursuant to section 403(a) of the Divorce Code and Pa.R.C.P. 1920.43 to prevent the husband from disposing of property. The facts of *Holub,* like the instant case, present a clear instance where the issuance of an injunction was necessary to avoid "irreparable harm". In *Holub,* the wife's right to relief was clear because the husband had already sold several shares of stock in which the wife had a marital interest, and deposited the proceeds in bank accounts outside the court's jurisdiction. In addition, the husband removed two valuable vodka cups from the marital residence and sold them for far less than their purchase price. In making its determination, the lower court pointed out that the husband's testimony was so evasive, unbelievable and untruthful that an injunction was necessary to prevent similar behavior in the future. *Holub v. Holub, supra,* 131 P.L.J. at 372. Relying on *Gillette Co. v. Master, supra,* the *Holub* court held that: (1) the rights of the wife were clear; (2) there was an urgent necessity to avoid

injury which cannot be compensated for by damage awards; and (3) that greater injury would result by not granting the injunction. *Id.*

Notwithstanding our decision upholding the order appointing David L. Gropp, Esquire, trustee of Amayco, we must address several additional claims raised by Amayco regarding the scope of the trustee's powers. Initially, Amayco contends that the trustee's authorization to liquidate up to sixty per cent of Amayco's assets in order to discharge both Amayco's debts and Mr. Mayhue's delinquent taxes constitutes an unlawful involuntary dissolution of Amayco since the prerequisites required by Pennsylvania's Business Corporation Law, 15 P.S. § 2107, have not been established. We disagree with Amayco's contention and hold that a trustee's power to discharge the business debts of a corporation is well within the legal powers of a receiver who has a duty to oversee the operation of the corporation subject only to the will of the court. *McDougal v. Huntingdon & Broad Top Mountain R.R. & Coal Co.,* 294 Pa. 108, 143 A. 574 (1928). The necessity of this function is of an even greater magnitude in the instant case as the purpose of appointing the trustee was to preserve the status quo of marital property pending a divorce action.

As to the authority of the trustee to use Amayco's assets to pay Mr. Mayhue's delinquent taxes, we note that the assets of a corporation may be reached to satisfy a tax liability when it is established that the corporation is the alter ego of the delinquent taxpayer. *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). In the present case, the lower court found that "even though there was a corporation in existence, Mr. Mayhue treated the assets of the corporation as his own and did not operate as a corporation." (Slip Op. at 9). We conclude, therefore, that Amayco, being the alter ego of Mr.

Mayhue, is not justified in attempting to use its superficial corporate status as a shield against tax liability.[2]

■ Additionally, we reject Amayco's claim that the trustee's authority to use Amayco's assets to determine what setoffs Amayco has against E.L. Mayhue and to satisfy the tax liabilities of Harlene Mayhue and Fred Mayhue amounts to a deprivation of due process and constitutes an abuse of discretion. During the lengthy course of the proceedings below, Mr. Mayhue had several opportunities to present his position. Because Mr. Mayhue demonstrated total disregard for the business debts of Amayco to E.L. Mayhue and Son, which resulted in his being held in contempt of court several times, we conclude that the lower court acted properly in appointing a neutral trustee with the authority to settle the business operations of the two companies.[3]

Accordingly, we affirm the Orders of the lower court.

<hr />

**2.** Moreover, the tax liability of the Mayhues had been under the scrutiny of the Internal Revenue Service for some time, making it even more logical to appoint a neutral third party to resolve the dispute.

**3.** Additionally, Amayco contends that the appointment of Mr. Gropp as trustee over both Amayco and E.L. Mayhue and Son constitutes a conflict of interest. We find that this claim has absolutely no merit as the instant case arises out of a conflict between Mr. and Mrs. Mayhue, and not the two businesses.