513 A.2d 1059

**Barbara L. NUCCI**

v.

**Richard C. NUCCI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed Aug. 12, 1986.

Wiley P. Parker, Lebanon, for appellant.

Lawrence J. Neary, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered March 25, 1985, in the Court of Common Pleas of Lebanon County in favor of appellee-wife and against appellant-husband in the amount of $37,850.00 together with interest. The trial court further directed appellant to enter security in the amount of $10,000.00 to insure future payments of the alimony order of $300.00 per month.

This was an action to enforce, register and adopt a foreign decree under 23 P.S. § 506. Appellee-wife sought alimony arrearages pursuant to a stipulation incorporated into a divorce decree entered by the Superior Court of the State of New Hampshire, County of Hillsborough. Appellant-husband filed an answer and new matter and appellee-wife filed a reply. A hearing was held on March 22, 1985 and on March 28, 1985, the trial court entered an Order in favor of appellee-wife and against appellant-husband in the amount of thirty-seven thousand eight hundred fifty ($37,-850.00) dollars together with interest and directed appellant to enter security in the amount of ten thousand ($10,000.00) dollars to insure future payments of the alimony order of three hundred ($300.00) dollars per month. On April 8, 1985, appellant filed a Rule to Show Cause why the New Hampshire decree should not be terminated, or in the alternative, modified. On April 17, 1985, appellant filed a Notice of Appeal from the Order of March 25, 1985. On April 29, 1985, appellee filed an Answer to appellant's Petition to Terminate or Modify the alimony decree. On May 31, 1985, the trial court filed a Memorandum Opinion in support of the Order of March 25, 1985. In its opinion the trial court noted that the filing of the appeal precluded consideration of the petition seeking termination or modification of the New Hampshire alimony decree.

Appellant presents the following questions for our consideration:

1. Did the court below err in determining that the equitable doctrine of laches did not bar appellee-wife's claim for alimony?

2. Did the court below err in failing to determine that appellee-wife's claim for past due alimony or some portion of it is barred by reason of the statute of limitations?

3. Did the court below err in requiring appellant-husband to post ten thousand ($10,000.00) dollars security to insure future payments of the order of alimony?

■ In his first issue appellant claims that it is black letter law that laches will be applied to bar appellee's claim if it is demonstrated that there has been a lack of due diligence on the part of appellee, the passage of an unreasonable period of time and that by reason of such lack of diligence and unreasonable delay that enforcement would be unjust.

The trial court noted that under both Pennsylvania and New Hampshire law there is no yardstick to determine the number of months or years that spring forth the defense of laches. The trial court refused to apply this equitable defense because it found appellant had failed to do equity with clean hands since he, too, had slept on his rights, failing to seek modification or termination of the order despite the fact that he was familiar with the modification procedure and had used it once before.

Upon review of the record we conclude that the trial court did not err by refusing to apply the laches defense. Accordingly, we find appellant's claim to be without merit.

In his second issue appellant contends that the trial court erred in failing to determine that appellee-wife's claim for past due alimony or some portion of it is barred by reason of the statute of limitations.

The trial court relied on a New Hampshire statute, Section 458:19 of the New Hampshire Domestic Relations Code, which states that upon a decree of divorce a court may order alimony to be paid for not more than three years or three years after the youngest child attains majority. The trial court found that at the time of the divorce appellee had custody of both minor children, that up to the time of the hearing she had custody and was providing support for the

minor child, Mark; that Mark was 17, when on September 19, 1983, appellee made a demand for alimony arrearages and that therefore appellant's statute of limitations argument could not prevail in the New Hampshire court or in this jurisdiction.

■ In the recent case of *Cohen v. Cohen*, 352 Pa.Super. 453, 508 A.2d 561 (1986), a case analogous to the one *sub judice*, appellant-wife, pursuant to Section 506 of the Divorce Code, 23 P.S. § 506, petitioned for registration, adoption and enforcement of a foreign alimony decree which provided for permanent alimony. This Court held that under 42 Pa.C.S.A. § 5521, as applied pursuant to the Uniform Statute of Limitation on Foreign claims Act, 42 Pa.C.S.A. § 5521, appellant-wife had six years within which to file an action for each unpaid installment of alimony.

Applying *Cohen*, supra, to the case *sub judice* we find that appellee-wife is entitled only to those alimony installments due within six years of the filing of the petition on April 3, 1984.

■ Finally, appellant contends that the court below erred in requiring appellant-husband to post $10,000.00 security to insure future payments of the order of alimony. The trial court adequately disposed of this issue when it stated:

> We find this case particularly appropriate for the imposition of a security requirement. This familial controversey has embraced the States of New Hampshire, Massachusetts, Pennsylvania and Texas. For at least a one year period the Respondent's whereabouts were unknown. The Petitioner must travel from Texas to Pennsylvania to enforce her rights. We cannot assure the Petitioner that the Respondent will remain in Pennsylvania in order for us to police the Respondent's obligation to pay alimony in the future. We can require that he leave financial security with us in the event we encounter future difficulty.

Considering the foregoing, we will reverse that portion of the trial court's order entering judgment in favor of the appellee-wife for the amount of arrearages due from November, 1974 to March, 1985, and remand to the trial court for the entry of an order consistent with this opinion. The order is affirmed in all other respects.

Affirmed in part; reversed in part; and remanded. Jurisdiction is relinquished.