539 A.2d 1337

**Linda PETTO, Appellant,**

**v.**

**George PETTO.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1987.

Filed April 4, 1988.

Stephen A. McBride, Milford, for appellant.

Joseph T. Wright, Jr., Scranton, for appellee.

Before WIEAND, KELLY and HESTER, JJ.

HESTER, Judge:

This appeal is from a final order denying appellant's petition for special relief. Appellant argues that the trial court abused its discretion by failing to impose a security arrangement on the funds due appellee from the equitable distribution of the parties' marital property in order to insure appellee's payment of child support. We agree; therefore, we reverse and remand for proceedings consistent with this opinion.

The parties were married on September 7, 1969, and have two children, Janvier, age fourteen, and Sarah, age thirteen. On September 5, 1984, the parties separated and the children thereafter resided with appellant-mother. Appellee-father moved to Brazil on October 15, 1984, where he has continued to reside. On December 17, 1984, appellant instituted a divorce action and later amended her complaint to include a child support claim on May 27, 1986. The trial court appointed a master and the parties entered into a

written custody agreement whereby appellant received primary physical and legal custody of the children. The trial court entered a divorce decree on February 24, 1987, and incorporated the master's report which required appellee to pay $200 per month child support, appellant to pay appellee $12,419.43 as part of their equitable distribution, and appellant to receive the family residence as well as personal and investment properties. Appellee filed exceptions to the master's recommendations on February 25, 1987, and a motion to reconsider and/or vacate a decree in divorce on March 5, 1987. However, on March 26, 1987, appellee filed praecipes to discontinue both the exceptions and the motion. On April 30, 1987, appellant filed a petition for special relief requesting the court to secure the remaining funds appellant owed appellee in order to insure future child support payments. The trial court denied appellant's request on June 8, 1987, and she filed this timely appeal.[1]

The evidence establishes that from the time the parties married, appellee had stated his intent to retire at age fifty. When a hotel owned by the parties was destroyed by fire on November 5, 1978, appellee decided that he would no longer work and that appellant would be required to support the family. Appellant was employed at various jobs while appellee worked sporadically in part-time positions.[2] Following his termination of employment as a bartender in 1982, appellee remained unemployed until October 15, 1984, when he moved to Brazil. Prior to moving to Brazil, appellee had changed the names on the parties' joint bank accounts and had obtained a new mailing address to which bank statements were forwarded, all without appellant's knowledge. When appellee left for Brazil, he took with him the bank funds and the childrens' bonds, totalling approximately $86,000. Appellee has not reported any income since his move to Brazil.

1. The trial court ordered appellant to pay appellee $12,419.43 minus a $1,000 credit which was imposed to pay for appellee's arrears.

2. Since appellee did not prefer the hours requested of him, he quit a $17,000 a year position with a local resort after two weeks of work.

Appellant's sole allegation is that the trial court erred by not imposing a trust or requiring a bond for the money due appellee as security for future child support payments.

Our scope of review of a child support order is well established. "Our Court is required to defer to the court below and will not interfere with its determination absent a clear abuse of discretion." *Leonard v. Leonard*, 353 Pa.Super. 604, 608, 510 A.2d 827, 829 (1986). "A finding of abuse will be made only upon a showing of clear and convincing evidence." *Koller v. Koller*, 333 Pa.Super. 54, 57, 481 A.2d 1218, 1220 (1984). Although this is a strict standard, this court will not ignore an error of law when reviewing a child support order. *Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa.Super. 562, 429 A.2d 665 (1981).

The Pennsylvania Legislature has determined that:

§ 102. Legislative findings and intent

(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

. . . .

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

23 Pa.S. § 102(a)(3), (4). Therefore, in order to carry out this intent "[o]rders of child support, alimony, or alimony pendente lite may be enforced as provided by the practice and procedure in actions for support and in the Divorce Code." Pa.R.C.P. 1920.31(b)(1).

Pursuant to these directives, appellant filed her petition for special relief in compliance with Pa.R.C.P. 1910.25 and 1920.43(a):

Rule 1910.25. Special Relief

At any time after the filing of the complaint, the court may on application issue a preliminary or special injunction, appoint a temporary receiver, order the seizure of property, dispose of seized property or grant other appropriate interim or special relief.

Rule 1920.43. Special Relief

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

> (1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or
>
> (2) order the seizure or attachment of real or personal property; or
>
> (3) grant other appropriate relief.

Appellant argues that appellee's only asset in this Commonwealth is the money that she owes him, and that once she has paid her debt, the courts of this Commonwealth will no longer have jurisdiction over appellee or his property. Therefore, appellant argues, the traditional means of enforcing a child support order, i.e. contempt, wage attachment, and execution upon a judgment for arrearages, would prove meaningless and unenforceable since appellee is beyond the jurisdiction of the court. Although appellant concedes that there is no case law directly on point to support her request for relief, she alleges that due to the fact that child support orders are modifiable upon a material and substantial change in circumstances, they are never final in the strictest sense; therefore, 23 Pa.S. § 403(a) of the divorce code applies in this case.

23 Pa.S. § 403(a), provides:

§ 403. Injunction against disposition of property pending suit and decree rendering fraudulent transfers null and void (a) Where it appears to the court that a party is

> about to remove himself or herself or *his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat* alimony pendente lite, alimony, *child* and spousal *support,* or similar award, *an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure.* The court may also issue a writ of ne exeat to preclude such removal.

(Emphasis added.) The trial court held that § 403 did not apply and stated:

> The next item brought to this Court's attention is § 403 of the Divorce Code, (23 Pa.C.S.A. § 403). This section provides that where it appears to the Court that a party is about to remove himself or his property from the Court's jurisdiction, or said party is about to dispose of property, in order to defeat a Court award for alimony or support, the Court may issue an injunction or a writ of ne exeat, or attach such property in order to preclude its removal. It simply does not appear to this Court that the Defendant, who now resides in Rio de Janiero, is attempting to defeat this Court's child support award, for there is no direct evidence of such. Thus § 403 does not apply to the instant case.

Trial court opinion, 6/8/87, at 4.

 We disagree with the trial court and hold that Pa.R.C.P. 1920.31(b)(1), which permits child support orders to be enforced "as provided by the practice and procedure in actions for support and in the Divorce Code", makes 23 Pa.S. § 403(a) applicable to this case. The trial court was clearly mistaken in finding that there was no direct evidence of appellee attempting to defeat the child support order. The record clearly indicates that appellee owed five months of arrears at the time the trial court denied appellant's request for special relief. In fact, the court stated:

564

> There does, however, exist an arrearage of child support payments. Rule 1910.20 of the Pennsylvania Rules of Civil Procedure allow the Plaintiff several means of enforcing a support [order]. One of these methods would be execution upon a judgment for arrearages pursuant to Rule 1910.23. Hence, this Court finds that there exists an interest in these funds for Defendant's support arrearages which have accrued from February 1, 1987, to date. This is the sum of Two hundred and 00/100 ($200.00) dollars per month, for a period of five (5) months, totalling One thousand and 00/100 ($1,000.00) dollars. In the interests of judicial economy, this Court will award that sum to the Plaintiff now, and use it as an offset, or credit, against the amount Plaintiff owes Defendant.

Trial court opinion, 6/8/87, at 5–6. Consequently, we agree with appellant that although this case is unique in that we are now ordering the funds due appellee to be placed in a sequestered account in order to insure future child support payments, to do otherwise would frustrate the objectives of justice. Appellee's history of not paying child support, absconding with the funds in the marital bank accounts and the children's bonds, coupled with his present lack of income, intent not to become gainfully employed, and residence in Rio de Janiero, Brazil, supports our holding that the funds due appellee must be sequestered and drawn upon monthly to meet appellee's support obligation for two teenage children.

The trial court abused its discretion in finding that there was no compelling reason to grant the relief sought.

> On the contrary, this Court finds that there is no interest in the money due to the Defendant as part of his share of the marital estate based on future child support obligations. Such obligations, because they are to happen in the future, are extremely uncertain, and may not accrue at all. As Defendant's attorney so ably pointed out, the Defendant may die; the children may die; the Defendant may become physically disabled; or the Plaintiff may become wealthy; all of which are changes in present

circumstances which would negate the Defendant's duty to pay child support. Also, Defendant may pay his support obligations. So, as yet, there is no interest in Plaintiff's funds for future support payment.

Trial court opinion, 6/8/87, at 5. While we believe that many of the factors enumerated by the trial court in discussing appellee's health and the children's health are legitimate concerns, the terms and conditions of a sequestered account could easily provide for any such future circumstances. We find the language in *Young v. Young,* 507 Pa. 40, 48 n. 11, 488 A.2d 264, 268 n. 11 (1985),[3] particularly instructive in this case, especially where it states that "[o]nce there has been a demonstrated lack of intention of making future [support] payments, we see no reason to force an individual who needs support to obtain a new judgment and commence enforcement proceedings for each missed payment. Such a requirement would be especially harsh [if not impossible] in a case such as this" where appellee lives in Brazil and has no known assets in this Commonwealth. We believe that this holding is indicative of our strong public policy requiring a father to support his children. Finally, this holding is in keeping with our prior decisions concerning the equitable powers of the court in familial matters. *See Nucci v. Nucci,* 355 Pa.Super. 549, 513 A.2d 1059 (1986) (husband required to post $10,000 to insure future payments under alimony order since husband's mobility from state to state threatened wife's ability to enforce order); *Mayhue v. Mayhue,* 336 Pa.Super. 188, 485 A.2d 494 (1984) (trustee appointed to manage husband's corporation to prevent his fraudulent misappropriation of wife's marital property).

Order reversed. Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

**3.** The supreme court ordered the attachment of a police pension to satisfy an order whose purpose was to enforce an obligation of support. This ruling applied equally to judgments for arrearages and to orders requiring future payments when substantial arrearages already existed.