## Beck v. Beck

*Jeffrey J. Howell,* for plaintiff.
*Kenneth C. Myers,* for defendant.

LUDGATE, *J.,* June 18, 1991—This matter is before the court on plaintiff's petition for equitable distribution of marital property.

This matter was submitted to the court on stipulated facts; by that same stipulation no testimony was taken. This matter was argued before the court on June 3, 1991.

The facts briefly are that the parties were married on April 19, 1957. Defendant/husband moved to Idaho on May 30, 1990. Husband obtained a decree in divorce from the court in Idaho on February 28, 1991. That decree addressed only the status of the parties, but did not address the property claims. Wife filed a petition for equitable distribution of the marital property on March 15, 1991.

Husband seeks to defend wife's petition for equitable distribution on the basis that there can be no equitable distribution after a decree in divorce has been entered. Husband argues, and wife agrees, that the Idaho decree in divorce must be given full faith and credit. Husband argues that property which was held by the parties as "tenants by the entireties" was automatically converted to property held by the parties as tenants-in-common. Husband argues that the wife's sole remedy is a partition action under 68 P.S. §501.

Wife argues that this court could still effect an equitable distribution of marital property because the decree was from a sister state, yet wife acknowledges that the divorce decree of a sister state is entitled to full faith and credit. *Estin v. Estin,* 334 U.S. 541 (1948). Wife argues that the decree ad-

dressed the marital status only, as the Idaho court could not exercise jurisdiction over the marital property situated in Pennsylvania.

Clearly the Idaho court which entered the decree, the Honorable A. Richard Grant, realized that the Idaho court had no jurisdiction over the marital property, which was situate outside of Idaho. Judge Grant specifically refused language which had been proposed by husband stating otherwise. Husband proposed language that the court had jurisdiction "over the parties and the subject matter thereto and that no other court has continuing and exclusive jurisdiction of this subject matter." Exhibit A, parties stipulated facts of May 17, 1991. The court indicated that it had "jurisdiction to grant a divorce in this case." Which is all that the court did.

In *Cheng v. Cheng*, 317 Pa. Super. 515, 500 A.2d 1175 (1985), the Superior Court held that wife was entitled to post-divorce relief, even though wife had appeared in the South Carolina divorce action. The South Carolina court conditioned its issuance of the decree on an agreement between the parties to resolve their economic and property disputes in Pennsylvania. The Superior Court stated that the decree was therefore, "obviously not a final determination of the economic and property issues; it spoke instead only on the question of divorce itself. Full faith and credit requires us to recognize and enforce the South Carolina decree insofar as it grants the parties a divorce, which indeed is all that the decree purports to do."

·Defendant argues that since wife appeared in the Idaho divorce action, it is not "ex parte" and thus, the concept of a divisible divorce does not apply. The *Cheng* court addressed this issue as well. The court defined "ex parte," where one party applies to the court for and is awarded relief without the

presence or even the knowledge of the other party, who may be affected or bound by the proceeding without having had his or her constitutionally protected opportunity to be heard. *Id.* at 1181. The court termed the South Carolina divorce proceedings essentially ex parte, "in operation if not in form." *Id.* The court reasoned that although she appeared in that proceeding, she had no real opportunity to have her claims fully and finally litigated there, because the South Carolina court would not and could not decide the economic issues which she had raised. *Id.* at 1181.

In the instant case, both parties appeared in the Idaho divorce proceeding with the assistance of counsel. However, just as in *Cheng,* wife had no genuine opportunity to have her economic claims decided, as the Idaho court had no jurisdiction over the marital property, which was situated in Pennsylvania. The Idaho court recognized this fact and granted only a decree in divorce.

In *Coleman v. Coleman,* 361 Pa. Super. 446, 522 A.2d 1115 (1987), the Superior Court held that the trial court did in fact have subject matter jurisdiction over the wife's claims for equitable distribution and counsel fees. The decree in divorce was issued in Nevada, and it addressed some of the property issues, but not all of them. The decree was entered without prejudice to the wife's rights to pursue any relief in Pennsylvania. The court held that:

"No section of the code limits a court's authority to address the equitable distribution and counsel fee claims of a litigant in a foreign divorce proceeding, regardless of whether or not that litigant appeared in the foreign forum. . . .

"The fact that the Nevada court had subject matter jurisdiction and exercised it to a limited degree, did not extinguish the statutory authority of a Pennsylvania court to dispose of the matters at issue." *Id.*

The issue, therefore, is the effect to be given to the Idaho decree.

The Divorce Code states that the policy of the Commonwealth is to "[e]ffectuate economic justice between two parties who are divorced . . . and insure a fair and just determination and settlement of their property rights." 23 P.S. §102(a)(6).

The issue then becomes whether this policy would be frustrated if this court were to prohibit the petitioner/wife from seeking an equitable distribution of marital property based on the Divorce Code section which provides:

"Whenever a decree or judgment is granted, which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relations, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b)." 23 P.S. §401(j).

The decree did not specifically reserve the disposition of the marital property claims, but did not address them either. The decree did not originate from a Pennsylvania court, thus it is a foreign decree. The Superior Court has held that section (b) regarding alimony applies only to domestic decrees. The court reasoned that "[s]ince it would clearly be beyond the practical ability of a Pennsylvania court to amend a foreign decree, so as to include an order determining alimony therein, we must construe this section to apply only to domestic decrees." *Sohmer v. Sohmer,* 318 Pa. Super. 500, 465 A.2d 665 (1983).

The reasoning holds true in the instant case, because it would be beyond the practical ability of this court to amend the Idaho decree to include an order determining the equitable distribution of the marital property, and it would clearly frustrate the purposes of the Divorce Code, as it would deny the wife the economic justice which she seeks and to which she is entitled.

This court can and will exercise jurisdiction over this matter to the extent permitted by the Divorce Code.

The Divorce Codes provides that:

"After the dissolution or annulment in a foreign forum where a matter under subsection (a) has not been decided, a court of this Commonwealth shall have jurisdiction to determine a matter under subsection (a) to the fullest extent allowed under the Constitution of the United States." 23 P.S. §301(c).

Subsection (a) lists items over which the court may assume jurisdiction, these items include:

(1) Disposition of property rights,

(2) Custody rights,

(3) Support obligations,

(4) Any property settlement involving any of the items set forth in paragraphs (1), (2) and (3) as submitted by the parties, and

(5) Any other matters pertaining to such marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action. 23 P.S. §301(a)(1-5).

This section provides the court with jurisdiction to hear and decide plaintiff's petition.

Further, the Divorce Code provides the courts of this Commonwealth with broad equity powers in order to protect the interests of the parties, or to effectuate the purposes of the Divorce Code. Section 401(c) of the Divorce Code provides:

"In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy, as equity and justice require, against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause." 23 P.S. §401(c).

The Superior Court has held that jurisdiction over equitable distribution of marital property located in Pennsylvania is to be founded, not only upon the location of marital property in Pennsylvania, but also upon the "mandate of section 401(c)." *Cheng, supra.* The Superior Court interpreted that section of the Divorce Code as being "meant to fulfill the policies of the 1980 Code, including the doing of economic justice between divorced parties as stated in section 102(a)(6)." *Id.*

In *Lazovitz v. Lazovitz,* 307 Pa. Super. 341, 453 A.2d 615 (1982), the Superior Court held that section 401(c) "gives the courts below power to issue injunctions to protect the interests of the parties or to effectuate the purposes of the Divorce Code, one of which was to give divorced persons · economic justice."

Another example of the broad equity power which the Divorce Code provides to the courts is illustrated in *Lehmicke v. Lehmicke,* 339 Pa. Super. 559, 489 A.2d 782 (1985). In *Lehmicke* the Superior Court agreed, in principle, with the trial court's use of its equity powers in fashioning an award to the wife. Wife had supported husband while he attended medical school, and then husband sought a divorce after receiving his medical degree. The court remanded the cause, so that the court could consider

the wife's contribution to husband's attainment of his medical degree, in order to compensate her for her sacrifice and her contribution.

The Superior Court approved a trial court's exercise of its broad equity powers in *Mayhue v. Mayhue,* 336 Pa. Super. 188, 485 A.2d 494 (1984). In *Mayhue* the trial court appointed a trustee to run a family-owned business in order to prevent the misappropriation of marital property by husband.

The case before this court represents a marriage of 37 years, which produced nine children. Husband, by moving to Idaho and obtaining a divorce, now wants the court to enable him to further benefit from his unilateral action. This court's equity powers have been clearly mandated by our legislature. The Divorce Code's policy of effectuating economic justice between the parties cannot be subverted by defendant's action. Therefore, the court shall exercise its equity power and grant plaintiff's petition.

## ORDER

And now, June 18, 1991, upon consideration of plaintiff's petition for equitable distribution, argument and briefs of counsel, it is hereby ordered and decreed that plaintiff's petition is hereby granted and this matter shall proceed to equitable distribution pursuant to Pa.R.C.P.