*321 CIRILLO, Judge:
This is an appeal from an order entered in the Court of Common Pleas of Bradford County. We vacate and remand.
Appellant, Harry Benjamin (father), and appellee, Marjorie Benjamin (mother), are the parents of five children. The parties divorced, and on September 10, 1971, father was ordered to pay child support for the parties’ five children in the amount of $60.00 per week. The order was unallocated.
On October 2, 1986, the support order was modified to $40.00 per week for the youngest child, Lisa Benjamin, retroactive to April 3, 1986. After Lisa’s nineteenth birthday, father filed a petition to terminate support. Between the date the original support order was entered in 1971 and the date support was terminated, in June of 1988, father never filed a petition to modify the support order; as each child reached the age of eighteen, father reduced the payments unilaterally, apparently upon advice of counsel.
On November 14 1988, father filed a petition to terminate support. The DRO at that time showed over $9,000.00 due on arrears. The parties were unable to reach an agreement, and the DRO recommended a hearing. Prior to the hearing, on January 20, 1989, father filed a petition to remit arrears. Following a hearing, the master determined that as of May 5, 1989 the amount in arrears totalled $10,055.00. The master also found that the father was notified on two occasions by the Bradford County Domestic Relations Office (“DRO”) that he was required to file a petition to modify the support order in order to reduce his support payment. In addition, the master found that the father could not read, but had his mail read to him. Despite the father’s denial of ever having seen the letters from the DRO, the master concluded that there were no compelling reasons to grant father’s petition to remit arrears.
Father filed exceptions, arguing that the master erred in failing to consider the fact that neither the mother nor the DRO instituted proceedings against him during the seven *322 teen years he was paying support, and therefore the mother’s entitlement to arrears is barred by laches. The trial court entered an order on July 11, 1990 denying father’s exceptions. This appeal followed. Father raises one issue for our review:
Is the appellee and/or the Bradford County Domestic Relations Office guilty of laches for failing to attempt to collect the arrearage until after appellant filed a petition to have his support obligation terminated on or about November 4, 1988, thereby entitling the appellant to a remission of all arrearages in this matter?
Although appellant’s brief makes no mention of the 1988 amendments to 23 Pa.C.S. § 4352, effective March 25, 1988, appellee argues that section 4352(e) of Title 23 is dispositive of this case.[1] We agree that section 4352(e) is applicable. In Jackman v. Pelusi, 379 Pa.Super. 361, 550 A.2d 199 (1988), this court addressed the issue before us today and noted parenthetically that future cases would follow a different approach due to the change in the law as a result of the 1988 amendments. Id., 379 Pa.Superior Ct. at 374-75, 550 A.2d at 206. The court stated that section 4352(e) of Title 23 “has removed this matter from the discretionary powers of the court by prohibiting retroactive modification of arrearages unless there is a pending petition for modification of support.” Jackman, 379 Pa.Super. at 375, 550 A.2d at 206 (citing 23 Pa.C.S. § 4352(e) (emphasis added)). Cf. Mosier v. McCaughtry, 387 Pa.Super. 405, 409 n. 1, 564 A.2d 241, 243 n. 1 (1989) (noting exceptions to the rule that a court has no jurisdiction to modify arrearages accumulated prior to the filing of a petition to modify). Section 4352(e) provides:
(e) Retroactive Modification of Arrears. — No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for *323 modification____ However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.
23 Pa.C.S. § 4352(e) (emphasis added). Thus, the trial court has no jurisdiction to entertain a request for reduction in arrearages for a period during which there is no pending petition for modification, unless of course the circumstances fall within the enumerated exceptions to the statutory requirement, i.e., physical or mental disability, misrepresentation, or “other compelling reason.” 23 Pa.C.S. § 4352(e). Therefore, we must determine whether the circumstances of this case warrant a pardon of the accumulated arrearages despite father’s failure to file a petition for modification.
In the instant case, we are satisfied that compelling reasons exist to allow retroactive modification of arrearages accumulated prior to the filing of a petition for modification. Here, mother failed to pursue enforcement proceedings for seventeen years. During those seventeen years the father diligently paid support for those children who were unemancipated and/or not living with him. Moreover, we find no basis in the record for the master’s conclusion that the father, who cannot read, saw the notices from the DRO or had the notices read to him. Additionally, we have considered the father’s testimony and the master’s finding that the unilateral reduction of the support order was made upon the advice of counsel, and that each time the payment was reduced, DRO was notified of the reason, i.e., a child moved in with the father, or a child reached the age of emancipation. Cf. Nucci v. Nucci, 355 Pa.Super. 549, 513 A.2d 1059 (1986) (ex-husband was not entitled to assert defense of laches against wife’s claim for alimony arrearag *324 es where husband was aware of his duty to file request for modification of award, but failed to do so).
We recognize that the father’s unilateral decision to modify a court order is not rendered benign solely because the mother failed to pursue enforcement proceedings for seventeen years. Cf Jackman v. Pelusi, 379 Pa.Super. 361, 367-69, 550 A.2d 199, 202 (1988). However, this is not a case in which an obligor has been derelict on an obligation and thereafter relies solely upon the opposing party’s failure to initiate enforcement proceedings to cancel the debt. After an examination of the circumstances in this case, including the father’s inability to read, his attorney’s erroneous advice, and the fact that the father reduced his payment only after each child reached the age of emancipation, see 23 Pa.C.S. § 4352(e), we conclude that compelling reasons exist to allow modification or remission of arrears. We conclude therefore that the trial court abused its discretion in denying the father’s motion. Mosier, supra.
The order of July 11, 1990 is vacated, and we remand to the trial court with instructions to consider the father’s support obligation in conjunction with each child’s living arrangements and year of emancipation, and to adjust or offset the master’s arrearage determination accordingly. We emphasize that the statute mandates that “[i]n the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.” 23 Pa.C.S. § 4352(e) (emphasis added).
Vacated and remanded. Jurisdiction relinquished.
Concurring Opinion by TAMILIA, J.

. The amendment, effective March 25, 1988, is applicable to the instant case. Section 4 of Act 1988, March 25, P.L. 296, No. 35, provides that "the amendments affecting this section shall apply to all support orders under which an arrearage exists on or is accrued after the effective date of this act."