617 A.2d 733

**Christine BARINKA, Appellant,**

v.

**Eric BARINKA, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1992.

Filed Nov. 5, 1992.

Reargument Denied Jan. 15, 1993.

Sharon L. Cloud, West Chester, for appellant.

Eric Barinka, pro se.

Before McEWEN, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

This appeal by Christine Barinka (Christine) concerns an order entered by the trial court prohibiting retroactive modification of her husband's support obligation. We vacate and remand.

The Honorable Alexander Endy entered a temporary order on July 19, 1989, requiring Eric Barinka (Eric) to pay support in the amount of $785.00 per month for the parties' two minor children. On October 27, 1989, the Honorable Thomas G. Gavin then reduced Eric's obligation to $325.00 per month retroactive to September 30, 1989, on the basis of Eric's report that he was not working and was receiving only unemployment compensation. Judge Gavin further ordered that Eric report his employment status every fifteen days to the Domestic Relations Office. At the time of these first two orders, Christine was working and had custody of the two children.

On July 16, 1990, the parties executed a property settlement agreement which included a no-support provision and a shared custody arrangement.[1] About a month after the execution of the property settlement agreement, Christine alleges she

---

1. The no-support and release provisions read, respectively, as follows: "Neither party will provide the other with child support payments.... Both parties do hereby waive, release and give up any rights they may have against the other for alimony pendente lite, alimony, support, attorney's fees, or maintenance." Property Settlement Agreement, July 16, 1990, at p. 6, ¶¶ 6(J) and 7.

learned that Eric had, in fact, been working at the time of the October 1989 support order that reduced his obligation. On September 5, 1990, Judge Gavin, in accordance with the parties' property settlement agreement of July 1990, vacated the order directing Eric to pay support.

Having learned of Eric's employment, Christine filed a petition on September 7, 1990, seeking reinstatement of the support obligation, recalculation of support for the previous year, and entry of an ongoing order of support based on the discrepancy in the parties' incomes. Christine's petition was heard by a Master on December 19, 1990. The Master entered an order on March 20, 1991, directing that Eric's support obligation be reinstated for the period from September 1, 1989, until January 17, 1991. (The period after January 17, 1991, was covered in a second agreement entered into by the parties on March 6, 1991.)[2] The basis for the Master's recommendation was her finding that Eric had fraudulently concealed his employment/income status from the court and Christine in order to lower his support obligation.

Eric filed exceptions to the Master's March 20, 1991, order granting retroactive modification of his support obligation. Judge Endy entered an order sustaining Eric's exceptions and denying retroactive modification of the support order. The trial court stated several reasons for its conclusion: 1) the hearing officer had no authority to consider the allegations of fraud on the part of Eric; 2) Pa.R.C.P. 1910.17 does not require the defendant to report change of income; the requirement is to report changes of employment and personal or employment address; 3) Pa.R.C.P. 1910.17(b) prescribes the remedy for willful failure, which is an adjudication of contempt; 4) the property settlement agreement included a set-

2. Before the Master entered his modification of support order, Christine filed an emergency petition for full custody of the children. On January 17, 1991, the trial court returned primary custody of the two children to Christine. On that same day, she filed a petition for increased child support from Eric because she now had both children, whereas under the property settlement agreement she had custody of one child. On March 6, 1991, the parties agreed to the entry of a support order in the amount of $730.00 per month. That order was entered on March 21, 1991, and Eric filed exceptions to it. He later withdrew his exceptions.

tlement of all claims, including support, to that date; and 5) the hearing officer abused her discretion in reinstating the support order and calculating arrearages beyond the effective date already agreed upon by the parties. Opinion of the Honorable Alexander Endy, September 27, 1991, at pp. 4, 5.

Christine then filed a petition for special relief or reconsideration; the trial court entered an order denying her petition on October 10, 1991. From that order, Christine appealed.

The scope of our review in child support cases is very narrow. We will disturb the trial court's findings only where the judge has clearly abused his discretion. *O'Connell v. O'Connell*, 409 Pa.Super. 25, 597 A.2d 643 (1991). With this standard in mind, we turn to the merits of Christine's appeal.

Christine relies on section 4352 of the Domestic Relations Code, 23 Pa.C.S. (Purdon 1991), as authorization for the retroactive modification of Eric's support obligation. The pertinent language of this section reads as follows:

> § 4352(e) **Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification.... [M]odification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of ... misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.

This Court recently addressed section 4352 in *Benjamin v. Benjamin*, 408 Pa.Super. 320, 596 A.2d 877 (1991). In *Benjamin*, we explained that

> [a] trial court has no jurisdiction to entertain a request for [modification of arrearages] for a period during which there is no pending petition for modification, unless of course the circumstances fall within the enumerated exceptions to the statutory requirement, i.e., physical or mental disability, misrepresentation, or "other compelling reasons."

*Benjamin*, 596 A.2d at 878. Relying on *Benjamin*, Christine argues that Eric's willful failure to disclose his true employment status falls under one of the enumerated exceptions to

the statutory requirements of section 4352, namely, misrepresentation. Given this exception, Christine claims she is entitled to an order modifying Eric's support obligation from September 1, 1989, until January 17, 1991 (as recommended by the Master).

Judge Endy did not address the requirements or exceptions of section 4352. He based his decision on two other items—the property settlement agreement and a rule of civil procedure. As for the agreement, the trial court stated:

> While we do not condone Defendant's action, we note that the July 16, 1990 property settlement agreement included a settlement of all claims, including support, to that date and we will not allow a party to accept all the benefits of an agreement and subsequently repudiate one of the provisions of that same agreement. Mrs. Barinka was represented by able counsel in making the agreement and presumably counsel satisfied herself and Mrs. Barinka that it was based on reliable information and belief.

Opinion, September 27, 1991, at p. 2. The trial court went on to find that neither party had bargained away their support obligation and that the agreement made adequate provision for the needs of the children. Opinion of September 27, 1991, at p. 3.

As for the procedural rule, the trial judge relied on Pennsylvania Rule of Civil Procedure 1910.17(b), 42 Pa.C.S. (Purdon Supp.1992). This sub-section reads as follows:

> (b) The [support] order shall notify the obligee and the obligor that each is under a continuing obligation to inform the domestic relations section in writing or by personal appearance within seven days of any change of employment, change of personal or employment address or change of address of any child receiving support. The order shall also notify the parties that if a party willfully fails to inform the domestic relations section of the required information, the court may adjudge the party to be in contempt of court pursuant to Rule 1910.21 and may order the party to be punished by one or more of the following: jail, fine or probation.

According to the trial court, Eric did not misrepresent his income to Christine or the court because he was under no statutory obligation to inform them of any change in his income.  Opinion of September 27, 1991, at p. 2.  We concede that Pa.R.C.P. 1910.17(b) does not require Eric to report any changes in his income *per se* and, therefore, he cannot be said to have misrepresented his income to Christine or the court in late 1989.  However, Pa.R.C.P. 1910.17(b) does require Eric to report any change in his employment.  The trial judge made no finding of fact as to whether Eric was working during the very time period he told the court he was unemployed.  Nor did the trial court adopt or reject the Master's finding that Eric had been working at the time in question.  Without making such a finding, the trial court based its conclusion on information Eric was not obligated to provide, *i.e.,* information about his income.  The trial court should have focused its inquiry on information Eric was obligated to provide, *i.e.,* his employment status.  We hold the trial court abused its discretion in not determining whether Eric violated Pa.R.C.P. 1910.-17(b) and the court order of October 1989, both of which directed him to report his employment status to the Domestic Relations Office.

We reject any suggestion that, because he was not obligated to inform the court about changes in his income, Eric was entitled to enter a courtroom and make misrepresentations to the court about his employment status.  Common sense dictates that an obligor's income is inherently linked to his employment status.  If the trial court finds that Eric intentionally misrepresented his employment status, the logical inference is that Eric committed a fraud on the court in order to hide income which could have been applied toward his support obligation.  We will not tolerate such an affront to the court's integrity.[3]

In October 1989, Eric reported to the court that his employment changed from working to not working and receiving unemployment compensation.  Christine alleges, and the Mas-

3.  Nor are we persuaded by Eric's argument that, even if he did hide his income in entering the property settlement agreement, his paying the mortgage while Christine and the children lived in the family residence

ter found, that Eric had, in fact, been working at the time. We remand to the trial court for a determination of whether Eric misrepresented his employment status in violation of Pa.R.C.P. 1910.17(b) and in violation of the court order directing him to report his employment status every fifteen days. If the trial court finds that Eric affirmatively misrepresented his employment status to the court, then the court must look to the requirements of section 4352 of the Domestic Relations Code in disposing of this matter. The trial court will have to make an additional determination as to the validity of the property settlement agreement.

Order vacated and case remanded. Jurisdiction relinquished.

should exonerate him. Eric was required to pay support; his voluntary assumption of the mortgage payments did not relieve him of his support obligation.