## Kingston v. Kingston

*Norman Levine,* for plaintiff.
*Phillip L. Clark Jr.,* for defendant.

PICCIONE, *J.,* November 14, 2005—The defendant has appealed the order of court dated August 31, 2005 wherein the court ordered the sale of the marital residence and found there was no basis for the enforcement of the marital agreement.

This matter was before the court on July 15, 2005 for a hearing. The issues before the court at that time were whether the plaintiff was entitled to a forced sale of the marital residence and whether there was a valid basis to enforce the proposed marital settlement agreement.

Christine Kingston (plaintiff) and David Kingston (defendant) separated on December 23, 2000. The parties conditionally entered into a marital settlement agreement on May 4, 2004. The marital agreement called for plaintiff to assume sole interest and financial responsibility in the marital residence and for defendant to receive $55,000 in consideration for his interest in the marital residence. Plaintiff and the parties' children had occupied the marital residence after plaintiff and defendant separated; however, she vacated the marital residence, which is now unoccupied, upon her remarriage. Although she currently resides elsewhere, plaintiff remains financially responsible for the marital residence.

The effectiveness of the marital settlement agreement was discussed within the transcript of counsel's presentation to the court concerning that agreement:

"This agreement is entered into based upon an understanding that once the Qualified Domestic Relations Order is in place, if defendant were to die, plaintiff's interest, pursuant to the Qualified Domestic Relations Order, would survive his death . . . . If it is determined that plaintiff's interest in the qualified Domestic Relations

order would not survive defendant's death, then, in that event, the basis for this agreement is no longer existent and the parties would either have to renegotiate or go through a hearing." (N.T. 05/04/04 p. 3 par. 3.)

The parties agree that this condition determines whether the marital settlement agreement is valid; however, they are in dispute as to who is responsible for showing whether plaintiff's interest in the pension would survive if defendant predeceased her. During the July 15, 2005 hearing, plaintiff's attorney stated, in open court, that plaintiff's interest in the pension would not survive if defendant predeceased her. His statement, taken from the transcript was: "Well, apparently it does not, from everything that we have learned today and, therefore, we say, your honor, there is no basis for the court enforcing this marital settlement agreement and compelling her to sign this." This statement was not objected to or contested by defendant's attorney. (N.T. 07/15/05 p. 10 par. 2.)

A grant of special relief lies within the discretion of the trial court. *McMahon v. McMahon,* 706 A.2d 350 (Pa. Super. 1998). The standard for granting equitable relief in divorce actions is the same as a request for equitable relief generally. *Zeigler v. Zeigler,* 365 Pa. Super. 545, 530 A.2d 445 (1987); *Mayhue v. Mayhue,* 336 Pa. Super. 188, 485 A.2d 494 (1984). The criteria for granting special relief includes: (1) The relief should be necessary to prevent immediate and irreparable harm that cannot be compensated with money damages; (2) the injury resulting from the denial of the requested relief should outweigh the injury from the relief itself; (3) the relief should serve to maintain or restore the status quo

to the state prior to the facts giving rise to the request for the relief; (4) the party seeking the relief should show a clear right to relief on the merits. *Fischer v. Department of Public Welfare,* 497 Pa. 267, 439 A.2d 1172 (1982); *Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corporation,* 450 Pa. 367, 301 A.2d 816 (1973); Joanne R. Wilder, *Pennsylvania Family Law Practice and Procedure* 14-2 (2002).

Defendant's first contention is that the court erred in ordering the immediate listing for sale of the marital residence on the basis that there was no evidence supporting any conclusion that immediate sale was necessary to preserve the marital asset. The court found sufficient evidence demonstrating that, without the immediate sale of the marital residence, the plaintiff would potentially suffer unjust economic hardship. The plaintiff is currently responsible for the mortgage, utilities and all other expenses pertaining to the marital estate. Since plaintiff remarried and has moved out of the marital residence, she would essentially be paying for two residences where only one is being used.

Defendant's second contention is that the court's order to list the marital residence for immediate sale will result in that marital asset being irreparably lost prior to the establishment of an equitable distribution scheme as between the parties. Proceeds from the sale are to be placed in escrow and it is in the interests of both parties to maximize the value of the residence. Furthermore, the court is using one of the real estate agents submitted by the defendant.

Defendant's third contention is that the court erred in denying the defendant the ability to purchase and receive

the marital residence as part of an ultimate equitable distribution scheme. The facts indicate that it is in the best interest of both parties for the marital residence to be immediately listed for sale. It is notable that defendant has expressed no desire to occupy the marital residence until this time.

Defendant's fourth contention is that the court erred in granting special relief without a showing that special relief was necessary or supported by any competent evidence. The court has found that the plaintiff may suffer unjust economic harm if the marital residence is not immediately sold. Because the marital residence is no longer used by the plaintiff and is reportedly no longer occupied by either party, there is no justification for plaintiff to continue her financial responsibility for it without the possibility of sale. Because the parties could not come to an agreement, special relief is necessary to prevent further potential economic harm to the plaintiff and defendant.

Defendant's fifth contention is that the court erred in finding that, if the defendant predeceased the plaintiff, plaintiff would not receive pension benefits through defendant's pension. The court has found that, as of July 15, 2005, the parties had determined that, in the event defendant predeceased her, plaintiff would not be entitled to any benefits from defendant's pension. This finding is based on the uncontroverted statement of plaintiff's counsel during the July 15, 2005 proceeding. (N.T. 07/15/05 p. 10 par. 2.) This statement indicated to the court that plaintiff's counsel had become aware that his client would not be entitled to pension benefits if the defendant predeceased her. This statement was made by plaintiff's

counsel in open court and was not contested by defendant's counsel.

Defendant's sixth and seventh contentions complain that the court erred in shifting the burden from the plaintiff to the defendant to show plaintiff would receive a portion of defendant's pension if defendant predeceased her. The defendant is in the best position to determine whether plaintiff's interests would survive. The defendant would have access to information regarding his pension that the plaintiff may not be entitled to or have independent authority to obtain.

Defendant's final contention is that the court erred in failing to enforce the parties' marital settlement agreement. Both parties have agreed that the marital settlement agreement would be nullified if, in the event that the defendant predeceased the plaintiff, plaintiff would not receive pension benefits through defendant's pension. The court has accepted the plaintiff's assertion that plaintiff would not be entitled to pension benefits in the event that the defendant predeceased her. Since the marital settlement agreement is predicated upon the plaintiff's interest in defendant's pension surviving in the event that defendant predeceases the plaintiff, there is no basis for upholding the marital settlement agreement.

For the reasons stated above, the defendant's appeal is without merit and should be dismissed.

## ORDER

And now, November 14, 2005, the court having received a notice of appeal that defendant appealed the order of court dated August 31, 2005, the court issues the attached opinion pursuant to Pa.R.A.P. Rule 1925(a).

206

It is hereby ordered and decreed that the prothonotary shall assemble the record and transmit the same to the prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.